United States District Court
Southern District of Texas
**ENTERED**
November 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CINTHYA MAGALI MURILLO RODRIGUEZ, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-26-8734 |
| MARTIN FRINK, et al., | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Cinthya Magali Murillo Rodriguez ("Petitioner"), a citizen of Honduras, entered the United States without inspection on November 2, 2016.[1] On August 29, 2026, Petitioner was taken into immigration custody.[2] On August 31, 2026, Petitioner was served with a Notice to Appear, charging her with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] On October 1, 2026,

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, pp. 4, 6 ¶¶ 14, 19; Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 4, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 4 ¶ 14.

[3]Respondents' MSJ, Docket Entry No. 4, p. 3; Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 4-1, pp. 2, 5.

Petitioner was ordered removed from the United States.[4] She has reserved the right to appeal that decision and remains in immigration custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates the Immigration and Nationality Act and due process.[6] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 4). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because she is an applicant for admission.[7] Petitioner has filed a response.[8]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 4) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

---

[4]Respondents' MSJ, Docket Entry No. 4, p. 3

[5]Id.

[6]Habeas Petition, Docket Entry No. 1, pp. 18-24 ¶¶ 46-72.

[7]Respondents' MSJ, Docket Entry No. 4, pp. 1-2.

[8]Petitioner's Response, Docket Entry No. 5.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 13th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE